UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**HANCOCK BANK, a Mississippi banking corporation**

    Plaintiff,

v.                          Case No:5:12-CV-649-Oc-10PRL

**BRIGHT LAKE ESTATES, L.L.C., RANDALL B. LANGLEY, MATTHEW A. SEIBEL, KNIGHT ENGINEERING CONSULTANTS, INC. and CLEARWATER RESERVE HOME OWNERS ASSOCIATION INC.**

    Defendants.

## ORDER

Pending before the Court is Plaintiff Hancock Bank's Motion to Strike Defendants Randall B. Langley's and Matthew A. Seibel's Jury Trial Demand (Doc. 16) filed on January 28, 2013.  Defendants have not filed a response to the Motion and their time for doing so has passed..  For the reasons discussed below, Plaintiff's Motion (Doc. 16) is due to be **GRANTED**.

### I. BACKGROUND & FACTS

Defendant, Bright Lake Estates, L.L.C. ("Bright Lake") owns real property in Lake County, Florida subject to Plaintiff, Hancock Bank's mortgage.  Co-defendants, Randall B. Langley and Matthew A. Seibel, both members of Bright Lake, executed separate continuing guaranty agreements on behalf of Bright Lake to secure the various notes.  In the six-count Complaint (Doc. 1), Hancock Bank seeks *inter alia* to foreclose the mortgage and to enforce the terms of the guaranty agreements.

In each of their Answers, Mr. Langley and Mr. Seibel demand a jury trial (Docs. 9 & 14). Hancock Bank argues that the demands for jury trial should be stricken because Mr. Langley and Mr. Seibel both expressly waived any right to a jury trial in their guaranty agreements. Neither Mr. Langley nor Mr. Seibel has offered any argument in opposition.

**II. DISCUSSION**

It is well settled that the right to a jury trial in federal courts is to be determined by federal law in diversity actions. *Simler v. Conner*, 372 U.S. 221, 222 (1963)("Only through a holding that the jury trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be achieved.")[1] The question of whether the right has been waived is likewise governed by federal law. *Martorella v. Deutsche Bank Nat. Trust Co.*, No. 12-80372-CIV, 2013 WL 1136444, at *1 (S.D. Fla. March 18, 2013);.

The Eleventh Circuit has instructed that waivers of valid jury demands are not to be lightly inferred and "should be scrutinized with utmost care." *Haynes v. W.C. Caye & Co., Inc.*, 52 F.3d 928, 930 (11th Cir. 1995). However, when a jury trial is validly waived, courts regularly mandate the enforcement of the waiver. *See e.g., Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823-24 (11th Cir. 2006); *Martorella,* 2013 WL 1136444, at *1-4; *Anderson v. Apex Fin. Group, Inc.*, No. 8:08-cv-949-T-30MSS, 2008 WL 2782684, at *1-2 (M.D. Fla. July 16, 2008).

A party may waive his right to a jury trial, so long as the waiver is knowing and voluntary. *Bakrac, Inc.*, 164 F. App'x at 823-24. In determining whether a waiver was entered into knowingly and voluntarily, courts consider the conspicuousness of the waiver provision, the

---

[1] Plaintiff alleges sufficient facts supporting its claim that diversity jurisdiction exists. (Doc. 1 at ¶9).

- 2 -

parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable. *Id*. No single factor is conclusive; rather, the Court asks whether, "in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Allyn v. Western United Life Assur. Co.*, 374 F.Supp.2d 1246, 1252 (M.D. Fla. 2004).

Here, the record demonstrates that the right to a jury trial was knowingly and voluntarily waived by Mr. Langley and Mr. Seibel. . As an initial matter, the jury trial waivers contained in the guaranties were completely conspicuous. The signature page of the guaranties bears the following clause which is set forth in its own paragraph in uppercase font (unlike the remainder of the text):

> Waiver of Trial by Jury   THE PARTIES HEREBY MUTUALLY AGREE THAT NEITHER PARTY NOR ANY ASSIGNEE SUCCESSOR HEIR OR LEGAL REPRESENTATIVE OF THE PARTIES (ALL OF WHOM ARE HERINAFTER REFERRED TO AS THE PARTIES) SHALL SEEKA JURY TRIAL IN ANY LAWSUIT PROCEEDING COUNTERCLAIM, OR ANY OTHER LITIGATION PROCEDURE BASED UPON OR ARISING OUT OF THIS GUARANTY OR THE LOAN DOCUMENTS OR ANY INSTRUMENT EVIDENCING SECURING OR RELATING TO THE INDEBTEDNESS AND ANY OTHER OBLIGATIONS EVIDENCED HEREBY, ANY RELATED AGREEMENT OR INSTRUMENT, ANY OTHER COLLATERAL FOR THE INDEBTEDNESS EVIDENCED HEREBY OR THE DEALINGS OR THE RELATIONSHIP BETWEEN OR AMOUNG THE PARTIES, OR ANY OF THEM. NONE OF THE PARTIES WILL SEEK TO CONSOLIDATE ANY SUCH ACTION, IN WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY OTHER ACTION IN WHICH A JURY TRIAL HAS NOT BEEN WAIVED.  THE PROVISIONS OF THIS PARAGRAPH HAVE BEEN FULLY NEGOTIATED BY THE PARTIES.  THE WAIVER CONTAINED HEREIN IS IRREVOCABLE, CONSTITUTES A KNOWING AND VOLUNTARY WAIVER AND SHALL BE SUBJECT TO NO EXCEPTIONS. BANK HAS IN NO WAY AGREED WITH OR REPRESENTED TO GUARANTOR OR ANY OTHER PARTY THAT THE PROVISIONS OF THIS PARAGRAPH WILL NOT BE FULLY ENFORCED IN ALL INSTANCES.

Mr. Langley and Mr. Seibel each inserted their signature just inches below this provision.

Therefore, the waiver provisions at issue were not buried in the text of the documents which they executed. Nor were the provisions cryptic or ambiguous in nature. Rather, the waiver provisions were sufficiently straightforward, understandable, and conspicuous as to allow Mr. Langley and Mr. Seibel to be aware of them, to read them, and to appreciate their meaning. *See Murphy v. Cimarron Mortg. Co.,* No. 8:06-cv-2142-T-24TBM, 2007 WL 294229, at *2 (M.D. Fla. Jan. 29, 2007); *Allyn v. Western United Life Assurance Co.,* 347 F.Supp.2d 1246, 1252-53 (M.D. Fla. 2004). Moreover, Mr. Langley and Mr. Seibel each executed three successive guaranty agreements,[2] all of which contained the same jury waiver provision.

In the absence of any response filed by either of these Defendants, the Court lacks any information regarding the sophistication of Mr. Langley and Mr. Seibel and their relative bargaining power. Even assuming Mr. Langley and Mr. Seibel were unsophisticated – which is inconsistent with the fact that they were guarantying such substantial loans --they were under no obligation to seek financing from the lender in this case. *Collins v. Countrywide Home Loans, Inc.*, 680 F.Supp.2d 1287, 1295 (M.D. Fla. 2010)("a term in a contract waiving a party's right to a jury trial is not unenforceable even though one party to a contract is a large corporation and the other party is simply an individual who is in need of the corporation's services"). Moreover, there is nothing in the record suggesting that the waive provisions were unconscionable, contrary to public policy, or simply unfair.

### III. CONCLUSION

Accordingly, upon due consideration of the factors noted above, as well as the totality of the circumstances, Plaintiff Hancock Bank's Motion to Strike (Doc. 16) is **GRANTED**. The

---

[2] The Langley Guaranties are attached to the Complaint as Composite Exhibit "U". The Seibel Guaranties are attached to the Complaint as Composite Exhibit "V"

demands for jury trial in Mr. Seibel's Answer (Doc.9) and Mr. Langley's Answer (Doc. 14) are **STRICKEN**.

      **DONE** and **ORDERED** in Ocala, Florida on April 15, 2013.

                        PHILIP R. LAMMENS
                        United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties